# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JEFFREY R. NEWTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV414-246 |
| RONALD W. SPEARS, Warden, VICKKIE BROWN, Asst. Warden, LT. HILL; LT. ALLEN; SGT TINA EDWARDS; and H. BADGER, Counselor, | ) |
| Defendants. | ) |

## ORDER

Inmate Jeffrey R. Newton filed this 42 U.S.C. § 1983 action on November 14, 2014, doc. 1, then paid the Court's $400 filing fee on November 24, 2014. Doc. 3. He thus had until March 24, 2015 to perfect service upon defendants. *See* Fed. R. Civ. P. 4(m) (allowing 120 days to serve defendants from the date a complaint is filed). Newton, however, did nothing to prosecute this case from November 24, 2014 through February 19, 2015, when he finally asked the Court to perfect service on his behalf. Doc. 5. The Court denied that request on March 18, 2015. Doc. 8 (noting that Newton had been released from prison in December

2014 and informing him that he could obtain Rule 4(d) waiver-of-service forms from the Clerk).

On March 10, 2015, Newton was re-incarcerated. Doc. 9. In a letter[1] dated April 14, 2015 -- twenty-one days *after* the deadline to perfect service -- he asked the Court to "send [him] the form [he] need[s] in order to serve the defendants by mail." Doc. 10. *Pro se* litigants must comply with all pleading requirements, *Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011), as well as with all procedural rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Court, therefore, would be well within its discretion to simply deny Newton's request because it comes after the March 24, 2015 deadline for service of process in this case. *See Reeves v. Wilbanks*, 542 F. App'x 742, 747 (11th Cir. 2013) (affirming district court's refusal to allow a *pro se* litigant an opportunity to perfect service after Rule 4(m) period expired because the litigant failed to timely request an extension of time to serve defendants). Nevertheless, in light of Newton's incarceration shortly before the

---

[1] The federal rules specifically require that requests for a court order be made "by motion." Fed. R. Civ. P. 7(b)(1). Motions and briefs are filed, thus creating a public record of a matter presented for the Court's consideration, while letters are off-the-record communications that sometimes get mislaid or lost. In this instance, the Court will construe plaintiff's letter as a motion, but any future letters from plaintiff seeking judicial relief may be ignored.

expiration of the Rule 4(m) deadline, the Court **DIRECTS** plaintiff, within 14 days of the date this Order is served, to show cause why this case should not be dismissed for violating Rule 4(m). The Court **DENIES** plaintiff's (previously overlooked) Motion to Toll Statute of Limitations.[2] Doc. 6.

**SO ORDERED** this 14th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Newton's only justification for tolling the statute of limitations is that the Court failed to perfect service on defendants. *See* doc. 6 at 1. But that has been Newton's obligation. Hence, he supplies no cause to stop the clock here.