# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JEFFREY R. NEWTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CORIZON HEALTH SERVICES, INC.; CHATHAM COUNTY JAIL; JOHN DOE I; JOHN DOE II; and COL. GILBERT, | ) ) ) ) ) |
| Defendants. | ) |

Case No. CV414-246

## ORDER

The Court previously directed plaintiff Jeffrey Newton to show cause why this case should not be dismissed for violating Fed. R. Civ. P. 4(m)'s 120-day window for serving defendants. Doc. 11. He timely responded, arguing that he "mistakenly believed that after the filing fee was paid the court would serve the defendants," and that after the Court denied his motion to perfect service "it was impossible for him to serve [defendants]." Doc. 12 at 1. Newton also believed that his motion to toll statute of limitations (also denied, doc. 6), "would provide him with the time he needed. Doc. 12 at 1. He cites his return to jail and current claimed indigency (he paid the $400 filing fee for this case) in asserting

that a dismissal on Rule 4(m) grounds will only result in him refiling "in forma pauperis." *Id.* Finally, Newton asks for "permission to serve the defendants by mail" in lieu of dismissal. *Id.*

First, a mistaken belief that the Court would serve defendants is not good cause for failing to follow Rule 4(m).[1] And it is simply untrue that Newton could not serve defendants because the Court denied his motions to perfect service and toll the statute of limitations. Nevertheless, the Court recognizes that plaintiff's circumstances changed on March 10, 2015, before the end of the 4(m) period, when he returned to jail after barely a three month absence. *Compare* doc. 4 (notice of change address from jail to a residence, filed December 30, 2014) & doc. 9 (notice of the reverse, filed March 30, 2015). In light of the practical difficulties that transition (albeit one of his own creation)

---

[1] If legal ignorance -- even by one's own attorney -- does not stop an execution, then legal ignorance of Rule 4(m)'s command should not prevent dismissal of a stale lawsuit. *See Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing State habeas relief waived right to federal review, and thus could be executed, after his State habeas counsel negligently missed, by 3 days, deadline for appealing denial of State habeas petition); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."); *Hixson v. French*, 517 F. App'x 767 (11th Cir. 2013) (*pro se* plaintiffs required to "apprise themselves of 'the relevant law and rules of court,'" including the Federal Rules of Civil Procedure) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

2

likely placed on Newton's ability to effect service, the Court will extend the 4(m) period by 60 days

But the Court has no authority to "grant permission" for service by mail. The Federal Rules of Civil Procedure provide the methods for service of process, and the Court cannot re-write the Rules. Newton must follow the rules like anyone else. *See* Fed. R. Civ. P. 4, 5. To that end, the Clerk is **DIRECTED** to send Newton three copies of waiver of service forms along with a copy of this Order. Regardless of method, he has 60 days from the date this Order is served to effect service on the defendants. This is a firm deadline, and if Newton does not comply he will face the dismissal of this case.

**SO ORDERED** this 4th day of June, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA